UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:14-CV-42-TBR-LLK

MCGRAW-HILL GLOBAL EDUCATION, LLC, *et al.*                    PLAINTIFFS

v.

CHARLES A. JONES, *et al.*                                      DEFENDANTS

## OPINION AND ORDER

District Judge Thomas B. Russell referred the instant matter to the Magistrate Judge for ruling on all discovery motions (Docket # 226) and specifically to resolve a motion to compel document production and a motion to modify the Court's scheduling order (Docket # 244). Plaintiffs—McGraw-Hill Global Education, LLC, Pearson Education, Inc., Cengage Learning, Inc., and John Wiley & Sons, Inc.—made the two motions specifically referred to the Magistrate Judge. (Docket ## 242, 243). Defendant, David Griffin, responded to both motions. (Docket ## 245, 246). Plaintiffs filed reply briefs regarding both motions. (Docket ## 247, 248). The motions are now ripe for the Court's consideration. For the reasons stated herein, the Court grants both motions in part and denies both motions in part.

## Motion to Compel

The instant dispute regarding Defendant's production of documents dates back more than nine months. On November 21, 2014, the Magistrate Judge scheduled a teleconference regarding the dispute. At the teleconference on December 9, 2014, the Court granted Plaintiffs leave to file a motion to compel. Plaintiffs filed their motion on December 29, 2014. The parties briefed the motion fully and then Defendant moved to file a sur-reply, an issue that the parties also briefed. On May 4, 2015, the Court ruled on the motion to compel, granting it in part and denying it in part, and the motion to file a sur-reply, denying it. (Docket # 238).

The Court ordered Defendant to produce all non-privileged, responsive documents from 2007 to the present and provide a privilege log if withholding documents. The Court also ordered Defendant to produce an affidavit describing his search for responsive documents. (Docket # 238). The Court gave Defendant 30 days to comply, which was later extended an additional 14 days by District Judge Russell. *Id.*; (Docket # 240). Between July 31 and August 17, 2015, the parties briefed the instant motions.

I. Declarations regarding discovery

The question of Defendant's compliance with the Court's May 4th Opinion and Order lies at the crux of the parties' dispute. The Court ordered Defendant to, *inter alia*, "provide an affidavit to Plaintiffs containing a detailed description of the search or searches he performed, or any others performed on his behalf, in response to" Plaintiffs' request to produce. (Docket # 238). The disagreement between the parties on Defendant's compliance generated no less than eight sworn declarations by Defendant and his agents.

Defendant produced a declaration made under penalty of perjury that stated three things: that he reviewed the Court's Opinion and Order with counsel; that he instructed his office manager, Denice Von Kanel, to aid his attorneys in locating responsive documents; and, that he instructed Ms. Von Kanel to continue aiding his attorneys after the Court's May 4th Opinion and Order. (Docket # 242-6). Ms. Von Kanel produced her own declaration the same day as Defendant. (Docket # 242-7). In an attempt to provide sufficient detail, Defendant continued to provide declarations to Plaintiffs. He provided a supplemental declaration (Docket # 242-10) as did Ms. Von Kanel (Docket # 242-11). He also provided declarations by his agents, namely an employee, an accountant, and an attorney. (Docket ## 242-12, -13, -14).

The Court reviewed these seven declarations, as well as one made by Ms. Von Kanel before the Court's previous Opinion and Order. The Court finds that the sum of all of these declarations may attempt to describe every attempt Defendant took to locate and produce documents, but they leave out critical details or further muddy the waters by the manner in which they were drafted. Generally, the declarations are terse, occasionally vague or ambiguous, and appear representative of Defendant's counsel's drafting more than the declarant's knowledge of the efforts made in discovery. For these reasons, the Court finds the declarations inadequate to fully comply with the Court's prior Opinion and Order. Plaintiffs having requested an additional sworn statement from Defendant, the Court will order Defendant to provide the information requested.

At the same time, the Court sympathizes with both parties' frustrations. The Court understands that Plaintiffs wish to review documents before deposing witnesses. (Docket # 243-1, p. 5). The Court also appreciates that ensuring complete discovery under the rules may require a certain amount of discovery in and of itself. Yet the system used so far, involving sworn declarations of discovery efforts, has not efficiently resolved Plaintiffs' doubts as to the completeness of discovery or allowed the development of an adequate record to allow the Court to order more than another round of declarations. For this reason, to "secure the just, speedy, and inexpensive determination of" this case, the Court will authorize the use of limited discovery concerning the possession, custody, control, and production of documents without prejudice to the parties' rights to conduct full discovery related to the merits of the case at a later date. *See* Fed. R. Civ. P. 1.

<u>II. Production from business-entity sources</u>

In addition to requesting further sworn statements, Plaintiffs requested that this Court order Defendant to produce responsive documents "in the files of" seven different entities. (Docket # 242-1, p. 19). As explained in more detail in the Court's prior Opinion and Order, Defendant must produce responsive, non-privileged documents within his possession, custody, or control. (*See* Docket # 238, pp. 1-3). However, Plaintiffs bear the burden of establishing the relationship between Defendant and any of these entities that establishes possession, custody, or control; speculation does not suffice. *See In re Porsche Cars N. Am., Inc.*, No. 2:11-md-2233, 2012 WL 4361430, at *4 (S.D. Ohio Sept. 25, 2012). Plaintiffs did not establish Defendant's possession, custody, or control of the documents of the seven entities to the Court's satisfaction for the purposes of ordering Defendant to search and produce records from these entities' files. Therefore, the Court denies Plaintiffs' request to order Defendant to search these entities' records, without prejudice.

It appears from the record that, to some degree, Defendant conceded that the records of these entities come within his possession, custody, or control. The Court will order the parties to attempt to agree to the scope of Defendant's search for responsive documents in the files of non-party entities allegedly controlled by Defendant. The fact that Plaintiffs did not sufficiently demonstrated the relationship of the non-party entities to Defendant at this point does not obviate Defendant's discovery obligation to produce all responsive, non-privileged documents within his possession, custody, or control. After the limited discovery concerning document production, Plaintiffs may again seek to demonstrate the ties between Defendant and the non-party entities and appropriate production and sanctions related thereto.

III. Discovery Search Terms

Plaintiffs also requested that this Court order Defendant to run their proposed search terms against all electronically stored information Defendant has collected or will collect, review the results for responsive, non-privileged documents, and produce those documents, a privilege log, or both. The Court has already ordered Defendant to produce all responsive, non-privileged documents in his possession, custody, or control, and a privilege log for any withheld documents. (Docket # 238, p. 8). If the parties wish to employ search terms to accomplish this discovery task more efficiently, then the Court will certainly not stand in their way.

Defendant has an obligation, based both on the rules and the Court's prior Opinion and Order, to produce all non-privileged, responsive documents. If he uses a set of search terms to locate the responsive electronic documents, Plaintiffs may evaluate those search terms and the process used to apply them to the data searched. Plaintiffs may also suggest additional search terms. If the parties cannot agree as to what data should be collected or what search terms should be applied after Plaintiffs complete the limited, document-production discovery, then Plaintiffs may seek relief from the Court by motion practice based on sufficient facts about the potentially discoverable documents. For the time being, the Court denies the Plaintiffs' motion as to the search-term relief because of inadequate support to demonstrate that Defendant has not provided complete discovery. Nonetheless, the obligation remains with Defendant to produce all non-privileged, responsive documents.

<u>IV. Other relief</u>

For the first time in their reply brief, Plaintiffs requested that the Court order Defendant to: search the pst[1] files associated with his e-mail servers; search his iPad; search "custodians' responsive documents, including any e-mail accounts and mobile devices used for business purposes"; and, produce documents from the electronically stored information of two non-party agents of Defendant, an attorney and an accountant who may or may not have been rendering professional advice to Defendant at any given time. (Docket # 247, pp. 13–14). The Court denies these requests for several reasons.

First, Plaintiffs sought these remedies for the first time in their reply brief. Defendant did not have a fair chance to respond to these pointed requests. Second, the Court already ordered Defendant to produce all non-privileged, responsive documents in his possession, custody, or control. While any of the sources Plaintiffs listed may contain such documents, such an order would be superfluous. If Plaintiffs demonstrate a failure by Defendant to abide by the discovery rules or this Court's prior Opinion and Order, based on these sources or others, then the Court will consider further and more specific orders to Defendant and possible sanctions. *See generally* Fed. R. Civ. P. 37. At this stage, the obligation to search and produce rests with Defendant, but the burden to develop the record sufficiently to demonstrate a violation rests with Plaintiffs. Finally, the Court's order permitting limited discovery will allow Plaintiffs to explore these and other potential sources of documents and present a developed, fact-based record to the Court should further motion practice become necessary.

---

[1] "A PST file (.pst) is a personal store folder file in Microsoft Outlook normally stored on the user's hard drive." *White v. Graceland Coll. Ctr. for Prof'l Dev. & Lifelong Learning, Inc.*, No. 07-2319-CM, 2009 WL 722056, at *5 n.5 (D. Kan. Mar. 18, 2009).

V. Expenses

Plaintiffs also requested that this Court award them their costs and attorney's fees for making the instant motion. The Court "must order" the payment of costs and fees, "unless the failure was substantially justified or other circumstances make and award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C). The Court finds that an award of expenses, including attorney's fees, would be unjust under the circumstances. The Court granted the instant motion only in part. Moreover, based on the record currently before it, the Court cannot determine if Defendant failed to produce any documents. While the Court declines to award costs and fees at this time, the Court will consider awarding costs and fees, including for this and the prior motion to compel, should motion practice continue concerning the discovery of the same documents. The Court understands that its authorization of additional, limited discovery may substantially increase the costs and attorney's fees associated with a future motion. The parties each bear a risk associated with the increase in the cost of discovery and the potential for fee shifting sanctions. For this reason, the parties should meet and confer to develop a discovery plan for the limited discovery the Court authorized.

## Motion to Modify the Scheduling Order

Plaintiffs sought a modification of the Court's Scheduling Order (Docket # 226). The Court may modify the Scheduling Order "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). While Defendant generally opposed a modification of the Scheduling Order, he focused his argument on alteration of the discovery deadline. (*See* Docket # 246).

When a Court considers a motion to extend discovery deadlines, "[f]actors that should be considered include: (1) when the moving party learned of the issue that is the subject of discovery; (2) how the discovery would affect the ruling below [*i.e.*, the outcome at the trial

court]; (3) the length of the discovery period; (4) whether the moving party was dilatory; and (5) whether the adverse party was responsive to prior discovery requests." *Dowling v. Clevland Clinic Found.*, 593 F.3d 472, 478 (6th Cir. 2010) (citing *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006)). Both Plaintiffs and Defendant argued that each of these factors weighs in their favor. The Court ultimately concerns itself with Plaintiffs' diligence in pursuing the discovery. *Id.* ("The overarching inquiry in these overlapping factors is whether the moving party was diligent in pursuing discovery.").

Having reviewed the arguments by both sides concerning the five factors, the Court concludes that each weighs in favor of extending discovery and modifying the Scheduling Order. Plaintiffs sought the documents subject to the motion to compel shortly after they first believed the production by Defendant to be incomplete. Defendant conceded that Plaintiffs began seeking additional documents by writing a letter to their counsel on November 20, 2014, 162 days before the fact-discovery deadline established by the Scheduling Order. (Docket # 246, p. 6). Plaintiffs wished to obtain and review the documents before they deposed Defendant or other witnesses. (Docket # 243-1, p. 8). The Court finds Plaintiffs' plan reasonable in that it would have avoided cumulative or duplicative depositions and promoted the "just, speedy, and inexpensive determination" of the case. Fed. R. Civ. P. 1; *see id.* at 26(b)(2)(C)(i).

If the Court denies the motion, then Plaintiffs cannot depose any of the witnesses favorable to Defendant. It appears that some of these witnesses could not be compelled to attend trial because they live beyond the geographical reach of a trial subpoena, as established by rule. *See* Fed. R. Civ. P. 45(c)(1). Therefore this factor weighs in Plaintiffs' favor. Defendant argued that no amount of discovery will change the outcome of the case because Plaintiffs' case fails as a matter of law. (Docket # 246). This is not a proper argument to avoid discovery. If Defendant

wishes to challenge the sufficiency of Plaintiffs' claims, a dispositive motion provides the proper procedural mechanism. *See U.S. v. 216 Bottles*, 36 F.R.D. 695, 699-700 (E.D.N.Y. 1965) (holding that courts lack the authority to determine cases' dispositive issues as part of discovery motions).

The Court acknowledges that Plaintiffs had 953 days between the filing of their Complaint and the end of the fact-discovery period established by the Scheduling Order, and 786 days between amending their complaint include Defendant and the discovery deadline. (*See* Docket ## 1, 69). However, this substantial amount of time to discover the needed documents was eroded by the discovery dispute that underlies the motion to compel. For more than 270 days, the parties have disputed the completeness of Defendant's document production, taking away from the time to complete other discovery. Plaintiffs might have been more cautious and sought an extension of time before the expiration of the discovery period set in the Scheduling Order, but the Court recognizes the impractical nature of requesting an extension of discovery when one does not know how long the current discovery dispute will last.

The Court believes that Plaintiffs diligently pursued the document discovery. Since determining that it viewed Defendant's production as inadequate, Plaintiffs attempted to resolve the matter with Defendant, held multiple telephonic conferences with the Court, engaged in three rounds of motion practice (the current round, the original motion to compel, and the motion to file a sur-reply to the original motion), held multiple counsel conferences concerning the Court's prior Opinion and Order, and agreed to an extension of time for Defendant to comply with the Court's Opinion and Order. The Court finds that these facts both demonstrate that the prior discovery period ultimately proved inadequately short and that Plaintiffs diligently pursued discovery nonetheless.

Finally, the Court finds that the record demonstrates Defendant has not been fully responsive to the discovery requests of Plaintiff. Since his original response, Defendant has produced additional documents on at least four occasions, including once since the Court's extended deadline to comply with its prior Opinion and Order ran. (Docket # 245, pp. 6–8; # 247, p. 6). The continued dispute regarding the completeness of Defendant's production continues to slow the progress of the litigation. Thus, the final factor weighs in Plaintiffs' favor.

The Court finds, upon reviewing all of the factors, that Plaintiffs diligently pursued discovery. As such, the Court finds that good cause exists to modify the Scheduling Order, including the discovery deadlines. However, based on the history of this litigation, the Court does not wish to institute new deadlines until after the resolution of the document-discovery dispute. As such, the Court will vacate current deadlines and schedule a telephonic conference to set new deadlines after the limited discovery.

## ORDER

IT IS HEREBY ORDERED that the Plaintiffs' Motion to Compel Compliance with the Court's May 4 Order is granted in part and denied in part. (Docket # 242). Within 14 days of this Order, Defendant will provide a sworn statement by him, or his counsel, that provides specific details of his efforts to preserve, search, collect, and produce the documents sought by Plaintiffs' requests to produce. Defendant's statement shall include, at a minimum, the following:

1. efforts to preserve responsive documents, including those in Defendant's direct custody, information on his mobile devices and previously used computers repurposed to other employees, and documents in the custody of Denise Von Kanel, Billy Ussery, Robert Serio, and Marc Burkett;

2. the contents of any litigation hold instituted by Defendant and the date instituted; and,

    3. the sources Defendant or his agents searched for documents in the custody of Von Kanel, Ussery, any employee of Defendant's in his Arkansas office or Griffin Warehouse, Serio, or Burkett, including by specific statement if he searched any e-mail accounts or servers, shared servers (including SharePoint servers), personal computers, mobile devices, physical files, and other electronic information and files with regard to each person.

The Court denies Plaintiffs' motion, without prejudice, to compel Griffin to search the documents of specific entities, to run specific search terms, to search pst files or iPads, or search specific sources of documents. This order does not alter Defendant's existing obligation, including by Court order, to produce all non-privileged, responsive documents in his possession, custody, or control.

    IT IS FURTHER ORDERED that Plaintiffs may conduct limited discovery related to the completeness of Defendant's document production, *i.e.*, the possession, custody, control, and production of any documents sought by Plaintiffs' prior discovery requests. Any depositions conducted for this limited purpose alone will not prejudice the Plaintiffs' rights to depose any witness at a later date regarding the substance of this case. The parties' counsel will meet and confer within ten days of this order to attempt to resolve or narrow their discovery dispute and schedule depositions for this limited purpose. Plaintiffs must submit any written discovery concerning this limited purpose within 14 days of this order. The parties must coordinate the scheduling of all depositions within 21 days of this order. The depositions should be completed within 60 days of this order. If the parties cannot resolve the scheduling of any depositions, Plaintiffs' counsel must contact the Court to request a telephonic status conference within three days of reaching an impasse.

IT IS FURTHER ORDERED that Plaintiffs' Motion to Modify the Scheduling Order is granted in part and denied in part. (Docket # 243). The Court vacates the fact- and expert-discovery, expert-identification, and dispositive- and *Daubert*-motion deadlines of the Scheduling Order (Docket # 226), as well as the final pretrial conference and trial dates.

IT IS FURTHER ORDERED that the Court will hold a telephonic status conference on Wednesday, October 14, 2015, beginning at 10:00 a.m. Central Time (11:00 a.m. Eastern Time). Counsel will prepare to discuss any remaining discovery disputes concerning the production of documents by Defendant and the setting of scheduling-order dates and deadlines. Counsel for the parties shall connect to the conference by dialing the Toll Free Meeting Number 1-877-848-7030 and entering the Access Code 7238577#.

c:       counsel