**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00042-TR-LLK**

MCGRAW-HILL GLOBAL EDUCATION, LLC, *et al.*,            Plaintiffs,

v.

DAVID GRIFFIN, *et al.*,                                Defendants.

**MEMORANDUM OPINION**

The attorney-client relationship between Frost Brown Todd LLC and David Griffin ended in October 2015. Griffin has since moved on, having started a new attorney-client relationship with Landrum & Shouse LLP and Hurt, Deckard & May, PLLC. Frost Brown Todd would like to do the same. It petitions this Court to withdraw as Griffin's counsel of record. R. 256 at 1–2 (Motion to Withdraw). But McGraw-Hill Global Education, LLC wants Frost Brown Todd to stay put for a bit longer. R. 257 at 1–3 (Response in Opposition). According to McGraw-Hill, there are genuine disagreements about whether Griffin has complied with his discovery obligations. *Id.* at 2. Having served as Griffin's counsel during that time, McGraw-Hill says that Frost Brown Todd will be able to offer insight into the dispute and should not be allowed to withdraw until it concludes. *Id.* McGraw-Hill also worries that Frost Brown Todd's departure will foreclose the possibility of obtaining sanctions against it for alleged discovery misconduct. *Id.* at 2–3. However, because Frost Brown Todd has complied with this District's Local Rules and its withdrawal will not work severe prejudice on any concerned party, the Motion to Withdraw (R. 256) is **GRANTED**.

This Court has broad discretion to determine whether and under what terms to allow an attorney to withdraw as counsel of record. *Brandon v. Blech*, 560 F.3d 536, 537

1

(6th Cir. 2009).  Generally, courts in this Circuit embrace applicable local rules (and the Model Rules of Professional Conduct) to guide that inquiry.  *Id.* at 538.  In the Western District of Kentucky, Local Rule 83.6 governs the substitution or withdrawal of counsel.  It reads, in pertinent part:

> [A]n attorney of record may withdraw from a case only under the following circumstances:
>
> . . . .
>
> (b) The attorney files a motion, certifies the motion was served on the client, makes a showing of good cause, and the Court consents to the withdrawal on whatever terms the Court chooses to impose.

LR 83.6(b).  Where an attorney's request satisfies those benchmarks, leave to withdraw should be freely given absent a showing of "severe prejudice" to a litigant or other third-party.  *Brandon*, 560 F.3d at 538 (citing *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercountry Nat'l Title Ins. Co.*, 310 F.3d 537, 541 (7th Cir. 2002) (Easterbrook, J.)).  Prejudice must be measured "in light of the 'weighty policy reasons to allow withdrawal.'"  *King v. Curtis*, 610 F. App'x 534, 537–38 (6th Cir. 2015) (quoting *Brandon*, 560 F.3d at 538).

Contrary to McGraw-Hill's suggestion, the Court sees no compelling reason to deny Frost Brown Todd's otherwise reasonable request to withdraw.  *First*, withdrawal will not frustrate McGraw-Hill's discovery efforts.  To the extent that Frost Brown Todd has retained relevant and unprivileged documents, for example, McGraw-Hill should be able to obtain them from Griffin under Federal Rule of Civil Procedure 34.  Civil Rule 34 allows a party to request things "in the responding party's possession, custody, or control."  Fed. R. Civ. P. 34(a).  The concept of custody or control is a broad one: Information is deemed to be within a party's custody or control "if the party has actual possession . . . or has the legal right to obtain the documents on demand."  *In re Bankers*

2

*Trust Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (emphasis omitted) (citing *Resolution Tr. Corp. v. Deloitte & Touche*, 145 F.R.D. 108, 110 (D. Colo. 1992); *Weck v. Cross*, 88 F.R.D. 325, 327 (N.D. Ill. 1980)).  Hence, many courts consider things in the possession of a party's attorney—even a party's former attorney—to be within that party's custody or control for purposes of Civil Rule 34.  *See, e.g.*, *Johnson v. Askin Capital Mgmt., L.P.*, 202 F.R.D. 112, 114 (S.D.N.Y. 2001) ("[T]he clear rule is that documents in the possession of a party's *current or former* counsel are deemed to be within that party's 'possession, custody and control.'" (quoting *MTB Bank v. Fed. Armored Express, Inc.*, No. 93 CIV. 5594(LBS), 1998 WL 43125, at *4 (S.D.N.Y. Feb. 2, 1998)) (internal quotation marks omitted)); *see also Marshall v. Town of Merrillville*, No. 2:14-CV-50-TLS, 2015 WL 4232426, at *7 (N.D. Ind. July 13, 2015); *Hill v. Asset Acceptance, LLC*, No. 13CV1718-BEN (BLM), 2014 WL 3014945, at *7 (S.D. Cal. July 3, 2014); *Triple Five of Minn., Inc. v. Simon*, 212 F.R.D. 523, 527 (D. Minn. 2002), *adopted by* No. Civ.99-1894 PAM/JGL, 2002 WL 1303025 (D. Minn. June 6, 2002); *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 501 (D. Md. 2000).  And even if unobtainable under Civil Rule 34 for whatever reason, Frost Brown Todd would still be amenable to this Court's subpoena power under Civil Rule 45.  *See, e.g.*, *Hobley v. Burge*, 433 F.3d 946, 949 (7th Cir. 2006) (discussing, in dictum, the use of a Civil Rule 45 subpoena to obtain documents from prior counsel).  In short, the abstract possibility of minor discovery complications falls well short of showing the "severe prejudice" needed to defeat Frost Brown Todd's motion to withdraw.

*Second*, the specter of possible Civil Rule 37 sanctions adds nothing to the calculus.  Frost Brown Todd's departure will not insulate it from the consequences of any

past discovery conduct.  "Just as courts retain jurisdiction to apply Rule 37 sanctions after a case has been dismissed, a court may hold an attorney responsible for discovery noncompliance even after he or she has been relieved as counsel." *Hakim v. Leonhardt*, 126 F. App'x 25, 26 (2d Cir. 2005) (per curiam) (Jacobs, Pooler, and Sotomayor, JJ.) (citing *Heinrichs v. Marshall & Stevens Inc.*, 921 F.2d 418, 421 (2d Cir. 1990)).  But to remove all doubt, the Court will retain jurisdiction over Frost Brown Todd and its attorneys for purposes of adjudicating any motion for Civil Rule 37 sanctions related to the firm's conduct specifically—as opposed to Griffin's litigation conduct generally. *See Skyline Steel, LLC v. PilePro, LLC*, No. 13-CV-8171 (JMF), 2015 WL 1000145, at *2 (S.D.N.Y. Mar. 5, 2015) (retaining jurisdiction over law firms to impose fees and costs related to litigation conduct); *see also Hakim*, 126 F. App'x at 26 ("[T]he court may condition the grant of the motion to withdraw upon [counsel's] presence at the Rule 37 proceeding."); LR 83.6(b) (allowing Court to condition withdrawal "on whatever terms the Court chooses to impose").

For the reasons discussed above, Frost Brown Todd LLC's Motion to Withdaw (R. 256) is **GRANTED**.  An appropriate Order will issue separate from this Memorandum Opinion.

Date:

cc:     Counsel of Record