## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## PADUCAH DIVISION
## CIVIL ACTION NO. 5:14-CV-00042-TBR-LLK

THE MCGRAW-HILL COMPANIES INC., *et al.*,                   Plaintiffs,

v.

CHARLES A. JONES, *et al.*,                                Defendants.

### MEMORANDUM OPINION AND ORDER

McGraw-Hill Global Education Holdings, LLC, along with several related entities, filed suit against David Griffin in 2012, bringing claims for copyright infringement, falsification of copyright management information, and trademark counterfeiting. Pursuant to Federal Rule of Civil Procedure 68, Griffin made an offer of judgment, which McGraw-Hill ultimately accepted. Now, McGraw-Hill moves to recover its costs and attorney's fees. Having reviewed record, however, the Court finds the offer of judgment to be invalid. There was no offer, then, for McGraw-Hill to accept, and so the attendant judgment is void too. Accordingly, the Judgment *Nunc Pro Tunc*, [R. 289], is **VACATED**, and McGraw-Hill's Motion for Costs and Attorney's Fees, [R. 292], is **DENIED AS MOOT**.

### I.

The history of this litigation (and more than ten companion cases) is long and complex, but a detailed factual recitation is unnecessary to resolve this chapter of that saga. In brief, McGraw-Hill Global Education Holdings, LLC, along with several related entities, filed suit against David Griffin in 2012, bringing claims for, *inter alia*, copyright infringement, falsification of copyright management information, and trademark

counterfeiting. [*See* R. 103 at 18–23, ¶¶ 63–94 (Third Amended Complaint).] Four years later, Griffin made an offer of judgment to McGraw-Hill, which (in full) reads:

> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, the defendant, David Griffin, offers to allow judgment to be entered against him on the following terms:
>
> 1.  Judgment will be entered in favor of all the plaintiffs as follows:
>
> | | |
> |---|---|
> | McGraw-Hill Global Education Holdings, LLC | $186,001.00 |
> | Pearson Education, Inc. | $100,501.00 |
> | Cengage Learning, Inc. | $65,251.00 |
> | John Wiley & Sons, Inc. | $7,501.00 |
> | Total Judgment | $359,254.00 |
>
> plus costs accrued through the date of this offer as may be allowed by the Court based on the submission of costs pursuant to Fed. R. Civ. Proc 54(d)(1).
>
> 2.  Apart from a subsequent bill of costs, the judgment entered hereon resolves all issues between the plaintiffs and the defendant David Griffin and his counsel of record at the time of this offer.
>
> 3.  The judgment entered hereon is without prejudice to the rights of the plaintiffs to recover damages, costs, fees, expenses or monetary sanctions against any third parties, including Mr. Griffin's former attorneys, Frost Brown & Todd, LLC.
>
> This offer may only be accepted by all of the plaintiffs; acceptance by less than all of the plaintiffs shall be deemed a rejection of this offer.

[R. 282-1 at 2 (Offer of Judgment).] McGraw-Hill timely accepted Griffin's offer, [*see* R. 282 (Notice of Acceptance)], ostensibly bringing this litigation to a close.

There was some dispute as to the form that the judgment should take, [*compare* R. 283-1 (McGraw-Hill's Proposed Judgment), *with* R. 285-1 (Griffin's Proposed Judgment)], and so the Clerk of the Court, understandably though erroneously, delayed entering any judgment, *see Oates v. Oates*, 866 F.2d 203, 206 n.1 (6th Cir. 1989). The Court corrected that mishap, however, and entered a judgment *nunc pro tunc* consistent

with Griffin's offer. Now, McGraw-Hill moves for an award of its costs and attorney's fees.[1] [*See* R. 292 (Motion for Costs and Attorney's Fees).] Griffin takes exception to that motion. [*See* R. 294 (Response).]

## II.

Federal Rule of Civil Procedure 68 is designed to encourage the compromise and settlement of litigation. *See Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). To those ends, a party defending against a claim may "offer to allow judgment on specified terms, with the costs then accrued," to be entered against him. Fed. R. Civ. P. 68(a). If, within fourteen days, the opposing party accepts that offer in writing, then the clerk must enter the judgment. Fed. R. Civ. P. 68(a). If, on the other hand, that party rejects the offer of judgment, he becomes responsible for paying his opponent's post-offer costs should he fail to obtain a more favorable judgment at trial. Fed. R. Civ. P. 68(d).

## III.

Having reviewed the parties' papers, the Court has no occasion to address the merits of McGraw-Hill's motion. In the main, there was no valid offer of judgment for McGraw-Hill to accept. The judgment *nunc pro tunc* is, therefore, void and must be vacated.

"The sole constraint Rule 68 places on offers of judgment is its mandate that an offer include 'costs then accrued.'" *Util. Auto. 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1240 (11th Cir. 2002). An offer, of course, need not explicitly state that it includes costs:

---

[1] The McGraw Hill Companies Inc. also filed a bill of costs, [*see* R. 291 (Bill of Costs)], to which David Griffin timely objected, [*see* R. 293 (Objection to Bill of Costs)].

> If an offer recites that costs are included or specifies an amount for costs, and the plaintiff accepts the offer, the judgment will necessarily include costs; if the offer does not state that costs are included and an amount for costs is not specified, the court will be obliged by the terms of the Rule to include in its judgment an additional amount which in its discretion, it determines to be sufficient to cover the costs.

*Marek v. Chesny*, 473 U.S. 1, 6 (1985) (citation omitted). So long as "the offer does not implicitly or explicitly provide that the judgment *not* include costs," then, it will be valid. *Id.* Attorney's fees come within the definition of "costs" when those "fees are 'properly awardable [as costs] under the relevant substantive statute,'" *Hescott v. City of Saginaw*, 757 F.3d 518, 528 (6th Cir. 2014) (alteration in original) (quoting *Marek*, 473 U.S. at 9), such as under the Copyright Act, *see* 17 U.S.C. § 505, which is at issue in this case.

Here, Griffin attempted to exclude an award of attorney's fees, which comprise a subset of Rule 68(a) "costs" in this action, from his offer of judgment. The offer was limited, on its own terms, to those "costs . . . as may be allowed" under Federal Rule of Civil Procedure 54(d)(1), which expressly excepts "attorney's fees," *see* Fed. R. Civ. P. 54(d)(1). Rule 68(a), however, forbids a party from excluding costs in its offer. *Marek*, 473 U.S. at 6. The offer of judgment, then, was invalid under Rule 68.[2] *See Thompson v. S. Farm Bureau Cas. Ins. Co.*, 520 F.3d 902, 904–05 (8th Cir. 2008) (per curiam). Since there was no valid offer of judgment for McGraw-Hill to accept, the judgment *nunc pro tunc* entered pursuant to Rule 68 is void.

### IV.

**IT IS HEREBY ORDERED** that the Judgment *Nunc Pro Tunc*, [R. 289], is **VACATED**. The Clerk of the Court is **DIRECTED** to re-open this action.

---

[2] The purposeful exclusion of costs from Griffin's offer of judgment distinguishes this case from those situations where an offer of judgment is merely silent as to the inclusion of fees or costs. *See, e.g., LaPierre v. City of Lawrence*, 819 F.3d 558, 563 (1st Cir. 2016); *Lima v. Newark Police Dep't*, 658 F.3d 324, 331 (3d Cir. 2011), *McCain v. Detroit II Auto Fin. Ctr.*, 378 F.3d 561, 564 (6th Cir. 2004).

**IT IS FURTHER ORDERED** that McGraw-Hill Global Education Holdings, LLC's Motion for Attorney's Fees, [R. 292], is **DENIED AS MOOT**.

A Telephonic Status Conference is **SET** for **April 4, 2017 at 11:45 a.m. CST**. Counsel must call (877) 848-7030, then input the access code 2523122#, and, when prompted, press # again to join the call.

**IT IS SO ORDERED.**

Date:   March 8, 2017

cc:   Counsel of Record

Thomas B. Russell, Senior Judge
United States District Court