UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-042-TBR-LLK

THE MCGRAW-HILL COMPANIES, INC., *et al.*,                          PLAINTIFFS

v.

DAVID GRIFFIN, *et al.*,                                            DEFENDANTS

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiffs McGraw-Hill Global Education, LLC, Pearson Education, Inc., Cengage Learning, Inc., and John Wiley & Sons, Inc.'s (collectively, "Plaintiffs") Motion for Attorney Fees, [R. 320]. Defendant David Griffin responded, [R. 321], and Plaintiffs replied, [R. 322]. Fully briefed, this matter is now ripe for adjudication. For the reasons discussed below, Plaintiffs' Motion for Attorney Fees, [R. 320], is GRANTED.

## BACKGROUND

In September of 2012, the McGraw-Hill Companies, Inc. and Pearson Education, Inc. filed suit against multiple defendants, including David Griffin. [R. 1 at 1 (Original Complaint).] By the Third Amended Complaint, Cengage Learning, Inc. and John Wiley & Sons, Inc. were added as plaintiffs, and the claims amounted to: direct copyright infringement, contributory copyright infringement, vicarious copyright infringement, removal or alteration of copyright management information, trademark counterfeiting, and fraud. [R. 103 at 1 (Third Amended Complaint).] In March of 2014, the case was transferred to this Court. [R. 161 (Transfer); R. 162 (Case Assignment).] In or around June of 2015, Griffin allegedly made a settlement offer of $300,000.00, which was rejected by Plaintiffs. [R. 321-4 at 2-3 (Oppenheim E-mail); R. 321 at 3 (Griffin Response); R. 322 at 6 (McGraw-Hill Reply).] On June 28, 2016, Plaintiffs accepted an

1

Offer of Judgment pursuant to Federal Rule of Civil Procedure 68 from Griffin in the amount of $359,254.00. [R. 282 (Notice of Plaintiffs' Acceptance).]

Subsequently, the parties disagreed over whether the Offer of Judgment included an award of attorneys' fees and costs. [R. 293 (Griffin Objection to Bill of Costs).] On October 26, 2017, the Sixth Circuit reversed the findings of this Court, holding that Plaintiffs were entitled to attorneys' fees in their cost award, and the Sixth Court remanded the case for this Court to consider costs payable to Plaintiffs, including attorneys' fees. [*See generally* R. 300 (Sixth Circuit Opinion).] Plaintiffs request attorneys' fees in the amount of $791,709.20, [*See* R. 320-3 (Time Records); R. 320-4 (Summary of Fees)], and costs in the amount of $63,126.99, [*See* R. 320-6 (Bill of Costs)].

## DISCUSSION

In response to Plaintiffs' Motion for Attorneys' Fees, Griffin argues that the Court should limit the attorneys' fees to the amount of the judgment, $359,254.00, and reduce the bill of costs by $55,741.62, for a total of $7,385.07 in costs. [R. 321 at 7.] The court will address each argument in turn.

**I.     Attorney's Fees**

In regard to consideration of an attorney's fees, the Sixth Circuit has stated: "'[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates.' In addition, "[t]he applicant should . . . maintain billing time records in a manner that will enable a reviewing court to identify distinct claims.'" *Graceland Fruit, Inc. v. KIC Chemicals, Inc.,* 320 F. App'x 323, 328–29 (6th Cir. 2008) (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983)). The process of determining a reasonable fee begins with calculating the "lodestar" figure. *Id*. "Indeed, the Supreme Court has noted that there

is '[a] strong presumption that the lodestar figure . . . represents a 'reasonable' fee.'" *Id*. (quoting *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)). The Sixth Circuit has also endorsed the use of the "*Johnson* twelve factor test" in calculating a reasonable award of attorneys' fees in addition to the lodestar calculation. *Graceland Fruit, Inc.*, 320 F. App'x at 329. In *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974), the Fifth Circuit provided twelve factors that trial courts may consider when calculating reasonable awards of attorneys' fees, including:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Graceland Fruit, Inc.*, 320 F. App'x at 328–29 (citing *Blanchard v. Bergeron,* 489 U.S. 87, 91 n. 5 (1989)). "*Johnson*'s list serves as a useful grouping of factors to consider when determining whether an award of attorneys' fees was reasonable, though no individual factor would be dispositive." *Id*. (citing *Blanchard*, 489 U.S. at 93).

In opposition to Plaintiffs' Motion for Attorney's Fees and Costs, Griffin does not dispute the attorneys' hourly rates or the number of hours charged. [*See generally* R. 321.] This would prove difficult as Plaintiffs provided a detailed record of their time and fees, [R. 320-3], as well as provided case law in which courts awarded comparable fees, [*See* R. 320-1 at 12]. Rather, Griffin centers his arguments around the eighth *Johnson* factor: the amount involved and the results obtained. [R. 321 at 4.]

Griffin first argues the Court should limit Plaintiffs' attorney's fees to the amount of the judgment because the "request for fees is nearly two and a half times the judgment they

3

obtained." [*Id*. at 4.] To support this argument of disproportionality, Griffin cites several cases with little to no explanation of their relevance to the matter at hand. Furthermore, only two of the cited cases are from within the Sixth Circuit. In the first case from the Sixth Circuit, *Corbis Corp. v. Starr*, after the plaintiff prevailed in a copyright infringement case, the Northern District of Ohio awarded an attorney's fee that was a forty percent reduction of the lodestar amount. *See Starr*, No. 3:07-cv-3741, 2010 WL 11561862, at *10 (N.D. Ohio Sept. 3, 2010). There, the court reduced the amount of fees due to the fact that the monetary recovery was far less than what the plaintiff sought and the litigation was not complex. *See id*. at *9-10. However, the reduction resulted in the court awarding $75, 880.50 in fees, which was still over five times the amount of damages. *Id*. As indicated by Plaintiffs, this case could just as easily be cited in *support* of Plaintiffs' suggested amount for attorneys' fees, as they are a little more than double the amount of damages awarded. [R. 322 at 8.]

Griffin also cites to this Court's findings in *In re Countrywide Fin. Corp. Customer Data Sec. Breach Litig*., No. 3:08-MD-01998, 2010 WL 3328249 (W.D. Ky. Aug. 24, 2010), for support. There, an objector to a class action made a motion for attorney's fees and costs. *Id*. at *1. The Court found that it "initially considered and made all its decisions in this matter irrespective of any argument of the [objector]." *Id*. at *2. Thus, the Court held that the work of the objector did not "produce a beneficial result for the class" as required to earn attorney's fees under Federal Rule of Civil Procedure 23. *Id*. at *1. Without any further explanation as to how this case relates to the matter at hand, the Court finds it distinguishable in that it involved a different standard under a different rule of procedure.

Moreover, the Court finds the Sixth Circuit's findings in *Ametex Fabrics, Inc. v. Custom Interiors and Supply Co.*, as cited by Plaintiffs, to be quite persuasive. In *Ametex*, the defendant

solely challenged the amount of attorneys' fees the district court allowed. 162 F.3d 1161, at *1 (6th Cir. 1998) (unpublished). The defendant contended, amongst several arguments, that "the fee award was improper because it was disproportionate to the actual damages award." *Id*. at *2. Specifically, the district court previously ordered the defendant to pay $95,399.00 in fees and costs for a $20,000.00 judgment for willful copyright infringement. *Id*. at *1. The Sixth Circuit stated: "[T]here is no requirement that the amount of an award of attorneys' fees be proportional to the amount of the underlying award of damages." *Id*. (quoting *Building Service Local 47 v. Grandview Raceway,* 46 F.3d 1392, 1401 (6th Cir. 1995)). The Court held that "it could not find fault with the district court's method" when the district court "did its own calculation of hours and fees and the attorneys submitted meticulous billing records." *Id*. at *4.[1] Similarly, in the matter at hand, Plaintiffs have submitted meticulous records. Also, according to the Declaration of Matthew Oppenheim, Plaintiffs did not seek attorneys' fees for tasks involving a mix of Griffin and other defendants, Griffin's purchase of one of the businesses through the bankruptcy process, or clerical matters. [R. 320-2 at 5 (Oppenheim Dec.).][2] Griffin does not dispute Plaintiffs' calculations of hours and fees, nor does the Court find issue.

Secondly, Griffin argues that the Court should limit Plaintiffs' attorneys' fees because it would be unjust to reward Plaintiffs for their "discovery forays" after rejecting a settlement offer that "dollar for dollar nearly equaled" the Offer of Judgment that McGraw subsequently accepted. [R. 321 at 5.] Plaintiffs characterize Griffin's argument as disingenuous in that the settlement offer of $300,000.00 was hardly "dollar for dollar" equal to the Offer of Judgment—$359,254.00 plus costs and fees. [R. 322 at 6.] The Court agrees with Plaintiffs.

---

[1] The Court notes that the Sixth Circuit corrected one mistake of the district court by reducing the fee award by $877.00 for a fee the defendants already paid. *Ametex*, 162 F.3d at *4.
[2] Oppenheim states that this amounted to $180,759.50 in voluntarily excluded fees. [R. 320-2 at 5.]

5

Griffin briefly cites to two cases at the end of his argument. First, he cites the findings of the Sixth Circuit in *McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491 (6th Cir. 2014). [R. 321 at 5.] In *McKelvey,* the Sixth Circuit upheld a fifty percent reduction in the lodestar calculation for McKelvey's attorney's fees, amongst other reasons, because "the prior cash settlement offer was *five times* what McKelvey ultimately received in back pay, and that three-quarters of his attorney's fees accrued *after* he rejected that offer." 768 F.3d at 498. As an initial matter, the Court notes that *McKelvey* does not stand for the notion that a damages award lower than a previous settlement offer does not automatically result in a reduction of fees. The Sixth Circuit stated:

> Just because a plaintiff ends up with less than what was offered during settlement negotiations does not mean fees should be reduced. The critical point is that this potential measure of lack of success is one factor among many that a district court may consider in exercising the discretion the statute gives it. . . . All we say today is that district courts are not barred from considering the point.

*Id*. at 495. Furthermore, *McKelvey* is easily distinguished from the matter at hand where the amount awarded in the Offer of Judgment was *greater* than the previous settlement offer.

Griffin also cites to *Pearson Educ., Inc. v. Almgren*, in which the Eighth Circuit affirmed the lower court's denial of attorney's fees in a case involving copyright claims by book publishers, including McGraw-Hill Companies, Inc., against a former college student. *Pearson Educ., Inc. v. Almgren*, 685 F.3d 691, 693 (8th Cir. 2012). In *Pearson*, the Eighth Circuit cited the lower court's findings that an award of attorney's fees would be inappropriate because:

> (1) the publishers likely could have stopped Almgren's conduct prior to any litigation, at minimal cost, with a simple cease-and-desist letter, (2) the publishers filed suit "in the busiest, largest, and furthest away court they could find" in an effort to scare Almgren, (3) the publishers resisted the bankruptcy court's efforts to encourage settlement before litigating the adversarial action, and (4) the publishers' spare-no-expenses litigation strategy was unreasonable in light of the absence of "any real damages."

*Id*. at 696. Beyond the fact that this case law is not binding on the Court, it is distinguishable from the matter at hand because Griffin fails to provide evidence proving that Plaintiffs engaged in the same type of behavior as the book publishers in *Pearson*.[3]

In sum, after reviewing the attorneys' affidavits and billing records, the Court finds that an award of attorneys' fees in the amount of $791,709.20 is reasonable.

## II.     Attorneys' Costs

Griffin also disputes the costs Plaintiffs attempt to recover, stating that the bill of costs should be reduced by $55,741.62, leaving a total of $7,385.07 in costs. [R. 321 at 7.] Specifically, Griffin argues that the Court should reduce Plaintiffs' costs because: (1) ESI fees for hosting a data base are not recoverable and (2) "technical help in managing" ESI is also not recoverable. [*Id*. at 6-7.] Plaintiffs respond that their costs associated with ESI are recoverable under § 5 of the Copyright Act. [R. 320-1 at 20.] The Court agrees with Plaintiffs.

"The basic rule for what costs may be taxed in federal court is provided by 28 U.S.C. § 1920." *BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 405 F.3d 415, 419 (6th Cir. 2005), *abrogated by Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012). Under § 1920, the following fees may be taxed as costs by the judge or clerk of any United States court:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;

---

[3] As evidence of Plaintiffs' "discovery forays," Griffin provides an email from Kathy Crooks and Kent Westberry to Kerry Mustico, in which Crooks and Westberry claim they have been compliant with Rule 34. [R. 321-6 at 2.] The only mention of telephone conferences is in Mustico's e-mail in which Mustico offered to "meet and confer" by telephone. [R. 321-6 at 3.] The Court finds this unconvincing as evidence of "numerous telephonic status conferences" that Griffin argues resulted in a waste of time. [R. 321 at 5.]

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. However, some courts have found that both "taxable" and "non-taxable" costs may be awarded under the Copyright Act, as the Copyright Act allows "the recovery of full costs."[4] *See Coles v. Wonder,* 283 F.3d 798, 803 (6th Cir.2002) (affirming an award of taxable and non-taxable costs under the Copyright Act); *Dice Corp. v. Bold Techs. Ltd.*, No. 11-CV-13578, 2014 WL 2763618, at *29 (E.D. Mich. June 18, 2014) (holding that the defendant was entitled to non-taxable costs under the Copyright Act); *R.C. Olmstead, Inc. v. CU Interface, LLC*, No. 5:08CV234, 2011 WL 557599, at *7–8 (N.D. Ohio Feb. 16, 2011) (awarding costs that were "not the specific costs allowed by § 1920").

First, Griffin argues that ESI fees for hosting a data base, or "storing copies," is "essentially the same as Plaintiffs requesting reimbursement for the lights, utilities and rent attributable to its file room." [R. 321 at 6.] In support, he cites to the findings of the Southern District of New York in *Balance Point Divorce Funding, LLC v. Scrantom*, 305 F.R.D. 67, 70 (S.D.N.Y. 2015), in which the court found that fees for processes involving "collecting data, extracting metadata from collected images, making the data searchable, and searching those documents for relevant data" and costs for "Hosting Active-Date" and "Project Management" were not taxable under § 1920(4). 305 F.R.D. at 76.

Also, Griffin argues that "Plaintiffs may not be reimbursed for technical help in managing their ESI." [R. 321 at 7.] In support, he cites to *Race Tires Am., Inc. v. Hoosier Racing*

---

[4] Section 505 of the Copyright Act states:

> In any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof. Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

*Tire Corp.*, 674 F.3d 158, 169 (3d Cir. 2012), in which the Third Circuit held that "[t]he decisions that allow taxation of all, or essentially all, electronic discovery consultant charges, such as the District Court's ruling in this case, are untethered from the statutory mooring" of § 1920(4). 674 F.3d at 169.

In neither argument does Griffin explain how the case law cited is to be applied to the matter at hand, which is especially useful when the case is from a court outside the Sixth Circuit. Nor does Griffin demonstrate a specific bill from the records of costs that is in violation of the case law cited. Most importantly, Griffin fails to respond to Plaintiffs' initial argument in their Motion for Costs and Attorneys' Fees that costs associated with ESI, and deemed non-taxable under § 1920, are recoverable under § 505 of the Copyright Act, [R. 320-1 at 20.] For support of this argument, Plaintiffs cite to *Coles v. Wonder*, in which the Sixth Circuit affirmed the lower courts award of non-taxable costs in an action brought under the Copyright Act. 283 F.3d at 803. Although the Sixth Circuit affirmed this award of costs without explanation, district courts from within the Sixth Circuit have interpreted this holding to mean that the phrase "full costs" of § 505 of the Copyright Act means that both taxable and non-taxable costs may be awarded to a party under the Copyright Act. *See Dice Corp.*, No. 11-CV-13578, 2014 WL 2763618, at *29 (holding that the defendant was entitled to non-taxable costs under the Copyright Act); *R.C. Olmstead, Inc.*, No. 5:08CV234, 2011 WL 557599, at *7–8 (awarding costs that were "not the specific costs allowed by § 1920"). Thus, without any further, specific argument from Griffin, the Court finds that Plaintiffs costs associated with ESI shall be awarded under § 505 of the Copyright Act.

## CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED**: Plaintiffs' Motion for Attorney Fees, [R. 320], is **GRANTED**. The Plaintiffs shall recover from Defendant David Griffin attorneys' fees in the amount of $791,709.20 and costs in the amount of $63,126.69 for a total award of $854,835.89.

**IT IS SO ORDERED**.


cc: Counsel of Record